IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:12CR43-HEH
)
JOSEPH T. HACKETT, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Joseph T. Hackett, a former[1] federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 60).[2] Hackett contends that he experienced ineffective assistance of counsel[3] in conjunction with his criminal proceedings, and that his conviction and sentence are unlawful. Specifically, Hackett demands relief because:

Claim One: "In *Tanner v. [United States]*, 483 U.S. 107, 97 L. Ed. 2d 90, 107 S. Ct. 2739 [(1987)], the U.S. Supreme Court ruled that [18 U.S.C.] § 371 covers conspiracies to defraud the U.S., or any agency thereof, and does not describe any private corporation, nor does the various ways the federal government provides financial assistance or that such assistance is always accompanied by restrictions on its use, and it is asking the U.S. Supreme Court to expand the reach of criminal provision by reading new language into the

---

[1] Hackett is currently on supervised release, and his supervision has been transferred to the Western District of North Carolina. (*See* ECF No. 67.)

[2] The Court employs the pagination assigned to Hackett's submissions by the CM/ECF docketing system. The Court corrects the spelling, emphasis, capitalization, spacing, and punctuation in quotations from Hackett's submissions.

[3] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

|  |  |
|---|---|
|  | statute; Petitioner has in no way conspired to defraud the United States nor any agency thereof, and is being held outside of the maxims prescribed by law." (§ 2255 Mot. 7.) |
| Claim Two: | "Title 18 U.S.C. § 371 was imposed in violation of Petitioner's 10th Amendment[4] rights, where in *Bond v. [United States*, 564 U.S. 211 (2011)], the United States Supreme Court ruled that Bond did have the right to question the applicability of [the] federal statute applied in the state; where powers not delegated to the U.S.\*\* by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people, and petitioner was never made aware that he was being coerced or defrauded into waiving this right intentionally by knowledge and it was malice of the ineffectiveness of counsel, which allowed such mistake in violation of 6th Amendment." (*Id.*) |
| Claim Three: | "The Judge even had to warn the government at pretrial that he saw no criminal intent, as the alleged Medicaid fraud was based upon clear clerical error and not malice, petitioner has a record with the state where he asked for more training if needed prior to even being indicted erroneously under said biased Indictment based off erroneous government testimony and application of statute in error as well as inapplicably, however, counsel was ineffective as counsel did not give petitioner any insight on the malice at hand, but coerced him into an unlawful plea." (*Id.* at 8.) |

The Government has responded, asserting that Hackett's first claim is procedurally defaulted and that his remaining claims lack merit. (ECF No. 62.) Hackett has filed a Reply. (ECF No. 64.) For the reasons set forth below, Hackett's § 2255 Motion (ECF No. 60) will be denied.

---

[4] "The powers not delegated to the United States by the Constitution, nor prohibited to it by the states, are reserved to the states respectively, or to the people." U.S. Const. amend X.

## I. PROCEDURAL HISTORY

On March 19, 2012, a grand jury charged Hackett with four counts of health care fraud, in violation of 18 U.S.C. §§ 2 and 1347, and one count of conspiracy to pay health care kickbacks, in violation of 18 U.S.C. § 371. (Indictment 1–13, ECF No. 1.) On August 10, 2012, the Government filed a Criminal Information, charging Hackett with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 371. (Criminal Information 1–2, ECF No. 36.) On August 13, 2012, Hackett entered into a Plea Agreement in which he agreed to plead guilty to the charge contained in the Criminal Information. (Plea Agreement ¶ 1, ECF No. 40.)

In the signed Statement of Facts that accompanied his Plea Agreement, Hackett admitted that he had operated an intensive in-home therapy ("IIH") program for children that was funded by Medicaid. (Statement of Facts ¶¶ 2–4, ECF No. 41.) He admitted that the purpose of the conspiracy was "to unlawfully enrich himself through the submission of false and fraudulent Medicaid claims for IIH services that were not medically necessary, were not therapeutic services, and were not delivered through qualified counselors." (*Id.* ¶ 16.) As a result, Hackett, through his company, submitted at least $1,570,041.60 in fraudulent claims to Medicaid. (*Id.* ¶ 27.)

On November 14, 2012, the Court entered judgment against Hackett and sentenced him to 48 months of incarceration. (J. 2, ECF No. 54.) Hackett did not appeal. On May 7, 2013, Hackett filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina. (*See*

ECF No. 56.) On July 31, 2013, after providing notice to Hackett, the District of South Carolina recharacterized Hackett's § 2241 Petition as a § 2255 Motion and ordered that the § 2255 Motion be transferred to this Court for further proceedings. (*See* ECF No. 58, at 2.)

## II. PROCEDURALLY DEFAULTED CLAIM

In Claim One, Hackett contends that pursuant to the Supreme Court's decision in *Tanner v. United States*, 483 U.S. 107 (1987), he "in no way conspired to defraud the United States nor any agency thereof." (§ 2255 Mot. 7.) Hackett cites *Tanner* for the proposition that 18 U.S.C. § 371 only "covers conspiracies to defraud the U.S., or any agency thereof, and does not describe any private corporation." (*Id.*) Hackett appears to suggest that because the United States "contributes approximately 50% of the cost of Medicaid" in Virginia, Medicaid is akin to a private corporation and therefore is not an agency of the United States. (*See id.*)

The procedural default rule bars Claim One from review here, absent a showing of cause and prejudice or actual innocence, because Hackett could have raised, but did not raise, this claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal."). In his Reply, Hackett states that he is "actually innocent of the claim(s) brought against

4

him under 18 U.S.C. § 371 on the face of the statute under its congressional intent and U.S. Supreme Court precedence in *Tanner v. United States*." (Reply 2.) With respect to actual innocence, a "petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (citation and internal quotation marks omitted). Moreover, actual innocence refers to "factual innocence, not mere legal insufficiency." *Id.* (citation omitted).

Hackett pled guilty to conspiracy to commit health care fraud, in violation of 18 U.S.C. § 371. (Plea Agreement ¶ 1.) Title 18 U.S.C. Section 371 "criminalizes two types of conspiracies: conspiracies to commit an offense against the United States [the "offense clause"] and conspiracies to defraud the United States [the "defraud clause"]." *United States v. Ellis*, 121 F.3d 908, 913 (4th Cir. 1997) (citing *United States v. Arch Trading Co.*, 987 F.2d 1087, 1090 (4th Cir. 1993)). The offense clause "extends generally to cover any offense made illegal by federal law." *Id.* (citations omitted). For a conspiracy charged under the defraud clause, however, the Government must prove that the United States, or an agency thereof, was the target of the conspiracy to defraud. *See Tanner*, 483 U.S. at 128–32. Because health care fraud is criminalized under 18 U.S.C. § 1347, Hackett was charged and convicted under the offense clause.

In *Tanner*, the Supreme Court considered the scope of the defraud clause of 18 U.S.C. § 371. The defendants in *Tanner* were charged and convicted of violating 18 U.S.C. § 371 because they had defrauded the Seminole Electric Cooperative, Inc. ("Seminole"), "a Florida corporation owned and operated by 11 rural electric distribution

cooperatives." *Tanner*, 483 U.S. at 110. In 1979, Seminole borrowed over $1.1 billion in to "construct a coal-fired power plant." *Id.* "The loan was guaranteed by the Rural Electrification Administration (REA), a credit agency of the United States Department of Agriculture . . . ." *Id.* The Supreme Court, however, disagreed with the Government that Seminole was an agency of the United States merely because it received federal financial assistance. *Id.* at 130–32. The Court noted, however, that "[i]f the evidence presented at trial was sufficient to establish that petitioners conspired to cause Seminole to make misrepresentations to the REA, then petitioners' convictions may stand." *Id.* at 132. The Court remanded the matter for further proceedings on that question. *Id.*

Hackett's argument that, under *Tanner*, he could not be convicted of a violation of 18 U.S.C. § 371 because he "has in now way conspired to defraud the United States or nor any Agency thereof" simply misses the mark. (§ 2255 Mot. 7.) Although Hackett repeatedly asserts his innocence under the "defraud clause" of 18 U.S.C. § 371, as noted *supra*, Hackett was actually charged and convicted under the "offense clause." "[W]hile the government must prove that the United States was the ultimate target of the conspiracy under the defraud clause of § 371, the government is not required to allege [and prove] that the United States was the intended victim of a conspiracy under the offense clause of § 371." *United States v. Harmas*, 974 F.2d 1262, 1268 (11th Cir. 1992).

In the Statement of Facts accompanying his Plea Agreement, Hackett admitted that he operated an IIH company for children so that he could "unlawfully enrich himself

through the submission of false and fraudulent Medicaid claims for IIH services that were not medically necessary, were not therapeutic services, and were not delivered through qualified counselors." (Statement of Facts ¶ 16.) Through his company, Hackett submitted at least $1,570,041.60 in fraudulent claims to Medicaid. (*Id.* ¶ 27.) Hackett presents nothing to suggest that he is factually innocent of submitting fraudulent claims to Medicaid, a federal offense under 18 U.S.C. § 1347. Because Hackett has failed to demonstrate cause and prejudice or his actual innocence, Claim One will be dismissed.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the convicted defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Thus, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22. No circumstances exist here that would lead the Court to consider Hackett's prior sworn statements as other than truthful.

In Claim Two, Hackett argues that counsel was ineffective for allowing him to waive his rights under the Tenth Amendment "to question the applicability of [the]

federal statute applied in the state." (§ 2255 Mot. 7.) According to Hackett, the Government "lacked jurisdiction to bring this unlawful-illegal claim against [him] in the State" because Hackett "never violated 18 U.S.C. § 371." (*Id.*) Hackett cites *Bond v. United States*, 564 U.S. 211 (2011), to support his argument that he is entitled to relief on this claim. (*Id.*)

In *Bond v. United States*, 564 U.S. 211, 214 (2011), the Supreme Court held that criminal defendants have standing to raise Tenth Amendment challenges to the statutes under which they are convicted. A Tenth Amendment challenge necessarily fails if the statute is a valid exercise of a power relegated to Congress. *See United States v. Louper-Morris*, 672 F.3d 539, 563 (8th Cir. 2012). Hackett has advanced no coherent argument as to why his statute of conviction, 18 U.S.C. § 371, is not a proper exercise of a power relegated to Congress, as Congress has the appropriate authority to prevent individuals from conspiring to commit offenses that cause direct or indirect fiscal harm to the United States. *Cf. United States v. Smith*, 987 F.2d 888, 893 (2d Cir. 1993) (rejecting argument that 18 U.S.C. § 2113, which criminalizes bank robbery of federally insured banks, violates the Tenth Amendment). Thus, any argument by Hackett or his counsel that Hackett's prosecution violated the Tenth Amendment would have been meritless, and counsel cannot be faulted for failing to raise a meritless claim. *See United States v. Moore*, 934 F. Supp. 724, 731 (E.D. Va. 1996). Because Hackett has failed to demonstrate deficient performance of counsel or resulting prejudice, Claim Two will be dismissed.

In Claim Three, Hackett contends that counsel was ineffective for "coerc[ing] him into an unlawful plea." (§ 2255 Mot. 8.) Hackett argues that counsel should have argued that "there [was] no factual proof of a conspiracy to defraud the U.S. or any agency thereof." (*Id.*) However, as discussed *supra* in Part II, Hackett was charged and convicted under the offense clause of 18 U.S.C. § 371. Hackett admitted that he conspired to "unlawfully enrich himself through the submission of false and fraudulent Medicaid claims" and that he submitted at least $1,570.041.60 in fraudulent claims to Medicaid. (Statement of Facts ¶¶ 5, 16.) Counsel cannot be faulted for failing to raise a meritless claim regarding the defraud clause of § 371 when Hackett was not charged under that clause. *See Moore*, 934 F. Supp. at 731. Because nothing in the record demonstrates that counsel coerced Hackett to plead guilty, Hackett has failed to demonstrate any deficient performance of counsel or resulting prejudice. Accordingly, Claim Three will be dismissed.

## IV. OUTSTANDING MOTION

Hackett has filed a "Motion to Dismiss All Pending Charges Under Fed. R. Civ. P. 12(b)(6); For Failure to Bring a Claim for which Relief Shall be Granted in Dishonor to Court's Memorandum Order" ("Motion to Dismiss," ECF No. 63). In the Motion to Dismiss, Hackett contends that the Government failed to respond to his § 2255 Motion within the sixty-day period provided by the Court. (*Id.* at 1.) Because of this alleged failure, Hackett seeks dismissal of "all and/or any charges associated with his illegal imprisonment, and [] immediate release." (*Id.*) By Memorandum Order entered on

October 3, 2013, the Court directed the Government to respond to Hackett's § 2255 Motion within sixty days. (ECF No. 61, at 1.) The Government filed its response on December 2, 2013, within the sixty-day period. (ECF No. 62.) Because the Government responded in a timely manner, and because the Court has determined that Hackett's claims lack merit, Hackett's Motion to Dismiss (ECF No. 63) will be denied.

## V. CONCLUSION

For the foregoing reasons, Hackett's § 2255 Motion (ECF No. 60) will be denied. Hackett's Motion to Dismiss (ECF No. 63) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

                              /s/
                        HENRY E. HUDSON
                        UNITED STATES DISTRICT JUDGE

Date: May 10, 2016
Richmond, Virginia